UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN  DIVISION

DUNCAN ERIC COLE, Jr.,

                Petitioner,            Case No. 2:13-cv-246

v.                                 Honorable Robert Holmes Bell

DUNCAN MacLAUREN,

                Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.
Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary
review of the petition to determine whether "it plainly appears from the face of the petition and any
exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES
GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.
Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen
out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which
raise legally frivolous claims, as well as those containing factual allegations that are palpably
incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the
review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust
available state-court remedies.

**Discussion**

I.      Factual allegations

Petitioner was convicted in the Saginaw County Circuit Court of four counts of attempted murder, MICH. COMP. LAWS § 750.91; one count of arson of a dwelling house, MICH. COMP. LAWS § 750.72a; and one count of placing an offensive or injurious substance or compound on real property with intent to injure, MICH. COMP. LAWS § 750.209(1)(a).  The trial court sentenced him as a third habitual offender, MICH. COMP. LAWS § 769.11, to consecutive terms of 16 to 25 years for each of the attempted murder convictions, 16 to 40 years for the arson conviction, and 15 to 30 years for the offensive or injurious substance conviction.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion issued on April 19, 2012, and the Michigan Supreme Court denied Petitioner's application for leave to appeal on September 24, 2012.

Petitioner raises the following seven grounds for habeas corpus relief: (1) the prosecution failed to present sufficient evidence to support Petitioner's convictions for attempted murder; (2) Petitioner's attempted murder convictions were against the great weight of the evidence; (3) Petitioner's constitutional rights to due process and to present a defense were violated when the trial court excluded evidence that Petitioner had a history of mental health disorders and suicide attempts; (4) the trial court erred by scoring 25 points for Offense Variable 9; (5) trial counsel was ineffective for failing to move for suppression of incriminating statements that Petitioner made to a police officer at the hospital; (6) trial counsel was ineffective for failing to investigate and call certain witnesses to testify at trial; and (7) trial counsel was ineffective for failing to request a jury instruction on the defense of voluntary intoxication.

-2-

At the time he filed his petition, Petitioner also filed a "Motion to Remand/Evidentiary hearing to expand the record" (docket #3).  In his motion, Plaintiff details his efforts to obtain his hospital records from the night that he committed the offenses for which he was convicted.  Plaintiff ultimately obtained those records on August 6, 2012, less than two months before the Michigan Supreme Court denied his application for leave to appeal.  According to Plaintiff, those records show that he was in a psychotic state at the time he committed the offenses. Plaintiff asserts that "a remand is necessary to allow the Petitioner to develop a record and to move for a new trail and or to allow the lower courts to reconsider Petitioner's issues raised in his appeal on that basis."  (Motion to Remand, docket #3, Page ID#83.)

      II.    <u>Exhaustion of State Court Remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue

*sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

  Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner exhausted the seven claims raised in his petition by presenting them on direct appeal in the Michigan Court of Appeals and the Michigan Supreme Court.  However, in his motion, Plaintiff expresses his intent to return to state court in order to obtain further review of his conviction on the basis of newly discovered evidence.  The new claims Petitioner intends to raise in the state courts clearly are unexhausted.

  An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.*  Under Michigan law, one such motion may be filed after August 1, 1995.  MICH. CT. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.  In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Saginaw County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *See Duncan*, 513 U.S. at 365-66.

  Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of

limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on September 24, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on December 23, 2012. Accordingly, absent tolling, Petitioner would have one year, until December 23, 2013, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a

reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[1] Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Petitioner's motion for a remand also will be denied. A remand from this Court is not necessary for Plaintiff to pursue his state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only his exhausted claims at any time before the expiration of the limitations period.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar

-7-

is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could

not conclude either that the district court erred in dismissing the petition or that the petitioner should

be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of

appealability.

A Judgment consistent with this Opinion will be entered.


Dated: <u>October 3, 2013</u>                                    /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE